

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ARRON M. BOND )
)
Plaintiff, )
)
v. ) Civil Action No.: 3:10-CV-539
) Varlan/Guyton
LIBERTY POINT CORPORATION )
and BUFFALOE & ASSOCIATES, )
PLC, ) Jury Trial Demanded
)
)
Defendants. )

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff Arron M. Bond (hereinafter "Plaintiff") is a natural person who resides in Blount County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Liberty Point Corporation (hereinafter "Defendant Liberty Point") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Delaware, and may be served through its agent for service of process as follows: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

6.  Defendant Liberty Point is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from consumers.

7.  Defendant Buffaloe & Associates, PLC (hereinafter "Defendant Buffaloe") is a professional limited liability company that consists of attorneys licensed to practice law in Tennessee, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and can be served through its agent for service of process as follows: John E. Buffaloe, Jr., 201 4th Avenue North, Suite 1300, Nashville, TN 37219.

## FACTUAL ALLEGATIONS

8.  Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a judgment entered in May 2007 and on which there remains a balance owed in the approximate amount of $1,500.00.

### *April 21, 2010 Collection Letter*

9.  On or about May 21, 2007, a judgment was entered against Plaintiff in favor of Defendant Liberty Point in the General Sessions Court of Blount County, Tennessee.

10. On or about July 26, 2007, Richard Mayer, an attorney representing Plaintiff with respect to the debt, sent a letter to Defendant Buffaloe by facsimile to telephone number 615-254-8313

to advise Defendant Buffaloe that Mr. Bond had retained his office in response to their attempts to collect the debt. A copy of this letter is filed as Exhibit 1 to this Complaint.

11. Mr. Mayer's July 26, 2007 letter to Defendant Buffaloe further stated that (a) Plaintiff could not afford to pay the debt owed to Defendant Liberty Point, (b) Plaintiff received social security benefits, and (c) that he had instructed Plaintiff to file a list of exempt property with the General Sessions Court so Defendant Buffaloe would not attempt to levy on the social security benefits in Plaintiff's bank account.

12. The number 615-254-8313 is a telephone number that is owned by or has been assigned to Defendant Buffaloe by their telecommunication provider for their business use and that they have dedicated to the receipt of facsimiles.

13. Within one year prior to the filing of this Complaint, Defendant Buffaloe sent a collection letter to Plaintiff dated April 21, 2010.

14. The April 21, 2010 collection letter from Defendant Buffaloe was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

15. The April 21, 2010 collection letter stated that the total balance due on the debt was $1,401.72 and the date of the judgment was May 21, 2007.

16. The April 21, 2010 collection letter further stated that:

> "My client Liberty Point Corporation, has advised that they would be willing to consider a reasonable settlement for the above captioned matter. If you would be interested in a possible settlement of this account, please contact our office no later than May 22nd in order to make your offer. It is imperative that you act immediately as all payments must be received by this office before May 22nd at 3:00 p.m.

> If you wish to discuss possible settlement of this account, please contact my office immediately."

17. Prior to sending the April 21, 2010 collection letter, Defendant Buffaloe failed to contact Mr. Mayer to inquire about his continued representation of Plaintiff with respect to the debt.

18. Mr. Mayer was never provided an opportunity to respond within a reasonable period of time to a communication from Defendant Buffaloe regarding his continued representation of Plaintiff.

19. Mr. Mayer never consented to direct communication with the consumer by Defendant Buffaloe in connection with collection of the debt.

20. The April 21, 2010 collection letter was sent to Plaintiff at a time when Defendant Buffaloe had actual knowledge that Plaintiff was represented by an attorney with respect to the debt.

21. By communicating with Plaintiff by sending the April 21, 2010 collection letter directly to him in connection with the collection of the debt when Defendant Buffaloe had actual knowledge that Plaintiff was represented by an attorney with respect to the alleged debt, Defendant Buffaloe violated 15 U.S.C. § 1692c(a)(2), and this communication is a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *September 22, 2010 Collection Letter*

22. Within one year prior to the filing of this Complaint, Defendant Buffaloe sent a collection letter to Plaintiff dated September 22, 2010 to Plaintiff.

23. The September 22, 2010 collection letter from Defendant Buffaloe was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

24. The September 22, 2010 collection letter stated that:

> "This letter is in reference to the balance due on your account. The balance due as of this date is $1,447.30. Additional interest if applicable, will accrue until the balance is paid in full. Also, any court costs incurred will be added to the balance owed.
>
> We would like to offer you the chance to repay this debt. Please fill out and return the payment proposal below as soon as possible so we can review your proposal."

25. Prior to sending the September 22, 2010 collection letter, Defendant Buffaloe failed to contact Mr. Mayer to inquire about his continued representation of Plaintiff with respect to the debt.

26. Mr. Mayer was never provided an opportunity to respond within a reasonable period of time to a communication from Defendant Buffaloe regarding his continued representation of Plaintiff.

27. Mr. Mayer never consented to direct communication with the consumer by Defendant Buffaloe in connection with collection of the debt.

28. The September 22, 2010 collection letter was sent to Plaintiff at a time when Defendant Buffaloe had actual knowledge that Plaintiff was represented by an attorney with respect to the debt.

29. By communicating with Plaintiff by sending the September 22, 2010 collection letter directly to him in connection with the collection of the debt when Defendant Buffaloe had

5

Case 3:10-cv-00539-TAV-HBG   Document 1   Filed 12/15/10   Page 5 of 9   PageID #: 5

actual knowledge that Plaintiff was represented by an attorney with respect to the alleged debt, Defendant Buffaloe violated 15 U.S.C. § 1692c(a)(2), and this communication is a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Respondeat Superior Liability*

30. The acts and omissions of Defendant Buffaloe who was employed as an agent by Defendant Liberty Point and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of its agency relationship with its principal, Defendant Liberty Point.

31. The acts and omissions by Defendant Buffaloe were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendant Liberty Point in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, Defendant Buffaloe was motivated to benefit its principal, Defendant Liberty Point.

33. Defendant Liberty Point is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by Defendant Buffaloe including, but not limited to violations of the FDCPA, in their attempts to collect the alleged debt from Plaintiff.

### *Summary*

34. The above-detailed conduct by Defendants, including, but not limited to communicating with Plaintiff in connection with the collection of the alleged debt when they had actual knowledge that Plaintiff was represented by an attorney with respect to the debt, is false,

deceptive, misleading, and/or unfair communications, acts, omissions, and/or practices used by Defendants in illegally attempting to collect the alleged debt from Plaintiff in violation of of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### IV.  TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### VI.  CAUSES OF ACTION

#### COUNT I.

#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

#### 15 U.S.C. §§ 1692 *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

37. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

38. As a result of each and every Defendant and their agents' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

12/15/10

Respectfully submitted,

**ARRON M. BOND**

_____
Alan C. Lee, Esq.
Attorney for Plaintiff
BPR #012700
P. O. Box 1357
Morristown, TN 37816-1357
(423) 736-0201
info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF TENNESSEE** )
**COUNTY OF BLOUNT** )

Plaintiff Arron M. Bond, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 12-3-10     By: _Arron M. Bond_
                       Arron M. Bond

Subscribed and sworn to before me this 3rd day of Dec, 2010.

_Notary Public_
3-26-13

[Notary Seal: LORI HAWKINS, STATE OF TENNESSEE, COUNTY OF BLOUNT, NOTARY PUBLIC]